NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MATTHEW J. BALLISTER, III, | |
| Plaintiff, | Civil Action No. 15-7865 (ES) |
| v. | OPINION |
| UNION CTY. JAIL, et al., | |
| Defendants. | |

**SALAS, DISTRICT JUDGE**

Plaintiff Matthew J. Ballister, III, ("Plaintiff"), a pre-trial detainee confined at Union County Jail in Elizabeth, New Jersey at the time of filing, seeks to bring this action *in forma pauperis*. Based on his affidavit of indigence, the Court previously granted Plaintiff's application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a) and ordered the Clerk of the Court to file the Complaint. (D.E. No. 2). At this time, the Court must review the Complaint, pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons set forth below, the Court concludes that the Complaint should be dismissed *without prejudice*.

**I. BACKGROUND**

Plaintiff brings this civil rights action, pursuant to 42 U.S.C. § 1983, against Defendants Union County Jail; Warden Brian Riordan; Corrections Officer Patella; and John Doe Correctional

Officers.[1]   The following factual allegations are taken from the Complaint, and are accepted for purposes of this screening only.   The Court has made no findings as to the veracity of Plaintiff's allegations.

Between October 24, 2013 and October 28, 2013, while he was housed in the medical department of Union County Jail, Plaintiff alleges that staff prevented him from using the phone to contact his attorney.   (D.E. No. 1, Complaint ("Compl.") at 27).   Plaintiff further alleges that the Union County Jail staff conspired with the Union County Prosecutor's Homicide Task Force to prevent him from using the phone.   (*Id.* at 28).   Plaintiff also alleges that the Union County Jail staff conspired with the Union County Prosecutor's Homicide Task Force to place him in a cell next to a known informant so the informant could later falsely testify against Plaintiff at the grand jury proceedings.   (*Id.*).

Plaintiff further alleges that Defendant Patella wrote an incident report wherein he stated that on October 28, 2013, Plaintiff confessed to him that he killed his girlfriend and felt guilty about the body.   (*Id.* at 22).   Plaintiff alleges that this is false and he never confessed to killing his girlfriend.   (*Id.* at 23).   According to Plaintiff, because this report was used during his bail reduction motion hearing, this is a "*Brady*" violation which violates his Fifth and Fourteenth Amendment rights.   (*Id.* at 24).

---

[1] All claims against Union County Jail will be dismissed *with prejudice* because a county jail is not a "person" subject to suit under § 1983.   *Boomer v. Lewis*, 541 F. App'x 186, 192 (3d Cir.2013) ("PCCF, [a correctional facility,] to the extent Boomer was suing the facility, is not a 'person' within the meaning of 42 U.S.C. § 1983." (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989)); *Parrish v. Aramark Foods, Inc.*, No. 11–5556, 2012 WL 1118672, at *3 (D.N.J. Apr. 2, 2012) (collecting cases).

Plaintiff is seeking immediate release and monetary damages.[2] (*Id.* at 34).

## II. DISCUSSION

### A. Legal Standard

#### 1. Standards for a *Sua Sponte* Dismissal

Per the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, *see* 42 U.S.C. § 1997e. The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This action is subject to *sua sponte* screening for dismissal under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A because Plaintiff is a prisoner proceeding as an indigent.

According to the Supreme Court's decision in *Ashcroft v. Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To survive *sua sponte* screening for failure to state a claim[3], the complaint must allege "sufficient

---

[2] Requests for release from confinement are not cognizable in a civil rights action and must be raised in a habeas petition. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) ("when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."). Consequently, Plaintiff's request for release is denied.

[3] "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil

factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Belmont v. MB Inv. Partners, Inc.*, 708 F.3d 470, 483 n.17 (3d Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678). Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

### 2. Section 1983 Actions

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988); *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

---

Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (discussing 42 U.S.C. § 1997e(c)(1)); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)).

**B. Analysis**

At the outset, the Court notes that Plaintiff has alleged conspiracies to violate his constitutional rights amongst various combinations of defendants. (*See*, *e.g.*, Compl. at 6-8, 14-5, 17, 25). To demonstrate the existence of a conspiracy under § 1983, "a plaintiff must show that two or more conspirators reached an agreement to deprive him or her of a constitutional right under color of law." *Laurensau v. Romarowics*, 528 F. App'x 136 (3d Cir. 2013) (internal citations omitted). To plead a conspiracy claim properly, a plaintiff must allege "facts that plausibly suggest a meeting of the minds." *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 179 (3d Cir. 2010). The complaint must not plead merely a "conclusory allegation of agreement at some unidentified point." *Twombly*, 550 U.S. at 557.

Plaintiff has alleged no facts to support a conspiracy claim. He simply states that different combinations of defendants conspired to deprive him of various constitutional rights. Such sparse and conclusory allegations are insufficient to state a claim under *Iqbal*. *See* 556 U.S. at 678. Therefore, all conspiracy claims against all Defendants are dismissed *without prejudice* for failure to state a claim at this time.

**1. Denial of Phone Call**

Plaintiff alleges that he was denied permission to place phone calls to his attorney in his ongoing state criminal proceeding while he was housed in the jail's medical department between October 24th and October 28th. He alleges that this violated his rights under his Sixth Amendment right to assistance of counsel; Fifth Amendment right to due process;[4] Fourteenth Amendment

---

[4] The due process clause under the Fifth Amendment "only protects against federal governmental action and does not limit the actions of state officials." *See Caldwell v. Beard*, 324 F. App'x 186, 189 (3d Cir. 2011) (citing *Riley v. Camp*, 130 F.3d 958, 972 n. 19 (11th Cir. 1997)); *Nguyen v.*

right to equal protection; and Eighth Amendment right to be free from cruel and unusual punishment.[5]

### a. Sixth Amendment Right to Assistance of Counsel

The Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." U.S. Const. amend. VI.  The Sixth Amendment right to counsel "exists to protect the accused during trial-type confrontations with the prosecutor." *United States v. Gouveia*, 467 U.S. 180, 190 (1984).  The Supreme Court "ha[s] long recognized that the right to counsel attaches only at or after the initiation of adversary judicial proceedings against the defendant," *id.* at 187, "whether by way of formal charge, preliminary hearing, indictment, information, or arraignment," *Kirby v. Illinois*, 406 U.S. 682, 688–89 (1972) (plurality opinion).  The Supreme Court "ha[s] never held that the right to counsel attaches at the time of arrest." *Gouveia*, 467 U.S. at 190. "[B]efore proceedings are initiated a suspect in a criminal investigation has no constitutional right to the assistance of counsel." *Davis v. United States*, 512 U.S. 452, 457 (1994); *James v. York Cty. Police Dep't*, 160 F. App'x 126, 132 (3d Cir. 2005).

---

*U.S. Cath. Conf.*, 719 F.2d 52, 54 (1983) ("the limitations of the fifth amendment restrict only federal government action"); *Bergdoll v. City of York*, 515 F. App'x 165, 170 (3d Cir. 2013) (same); *Thomas v. E. Orange Bd. of Educ.*, 998 F.Supp.2d 338, 351 (D.N.J. 2014) ("the Fifth Amendment restricts the actions of federal officials, not state actors . . . [a p]laintiff cannot ground her Section 1983 claim in the Fifth Amendment").

[5] The exact nature of Plaintiff's Eighth Amendment claim is not clear.  To the extent he is challenging his excessive bail, there is no indication that the employees at the jail's medical department were in any way involved in setting bail in his state criminal case.  *See Baker v. McCollan*, 443 U.S. 137, 142 (1979) (internal quotation marks omitted) ("a public official is liable under § 1983 only if he causes the plaintiff to be subjected to a deprivation of his constitutional rights").  To the extent he is attempting to state a different Eighth Amendment claim, the Court cannot identify it and any intended claim is dismissed without prejudice.

As stated above, Plaintiff alleges that the jail medical staff refused to allow him to make a phone call to his attorney during the period of October 24th through October 28th. (Compl. at 27). Based on the facts in the Complaint, it is not clear whether "adversary judicial proceedings" had been initiated at that juncture, thereby potentially rendering the Sixth Amendment inapplicable. Moreover, even if his Sixth Amendment right to counsel had attached at that point, Plaintiff requested to use the phone to contact Miles Feinstein, an attorney from his previously dismissed domestic violence case, who did not appear to be representing Plaintiff on his current criminal case. (*Id.* at 22); *United States v. Santiago*, 180 F. App'x 337, 339 (3d Cir. 2006) (citing *Texas v. Cobb*, 532 U.S. 162, 172-73 (2001)) (the Sixth Amendment right to counsel is offense specific). If the individual he wished to call was not his attorney on his current criminal matter, it is unclear how the alleged denial violated Plaintiff's Sixth Amendment rights. As such, this claim will be dismissed *without prejudice* for failure to state a claim under *Iqbal*.

### b. Equal Protection

The Fourteenth Amendment's Equal Protection Clause provides that no State shall "deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. Plaintiff appears to allege an equal protection claim based on the "class of one" theory of liability outlined by the Supreme Court in *Village of Willowbrook v. Olech*, 528 U.S. 562 (2000). In *Olech*, the Court permitted a plaintiff to proceed on a class of one theory when the plaintiff alleged that she had been "intentionally treated differently from others similarly situated and that there [was] no rational basis for the difference in treatment." *Id.* at 564; *see also Phillips v. Cty. of Allegheny*, 515 F.3d 224, 243 (3d Cir. 2008).

Here, Plaintiff makes a general, unspecified allegation that other inmates were able to make phone calls, but provides no information about these "other inmates." (Compl. at 6). Without

any further information, the Court is unable to conclude that Plaintiff has alleged a violation of his equal protection rights. *Id.* This claim will be dismissed *without prejudice*.

## 2. Fabricated Confession

As discussed above, Plaintiff has alleged that Sergeant Patella drafted a report wherein he falsely stated that Plaintiff had confessed to him that he murdered Ms. Wychoff. (Compl. at 22). Plaintiff alleges that this report was used by the prosecutor to oppose Plaintiff's motion for bail reduction. (*Id.* at 24). Plaintiff alleges that this is a violation of "*Brady*" and his equal protection rights under the Fourteenth Amendment.[6]

Under *Brady v. Maryland*, 373 U.S. 83 (1963), prosecutors have an affirmative duty "to disclose evidence . . . even though there has been no request [for the evidence] by the accused," which may include evidence known only to police. *Strickler v. Greene*, 527 U.S. 263, 280 (1999). To prove a *Brady* violation, a defendant must show the evidence at issue meets three critical elements. *Dennis v. Sec'y, Pennsylvania Dep't of Corr.*, 834 F.3d 263, 284–85 (3d Cir. 2016). First, the evidence "must be favorable to the accused, either because it is exculpatory, or because it is impeaching." *Id.* (citing *Strickler*, 527 U.S. at 281–82; *see also United States v. Bagley*, 473 U.S. 667, 676 (1985) ("Impeachment evidence ..., as well as exculpatory evidence, falls within the *Brady* rule."). Second, it "must have been suppressed by the State, either willfully or inadvertently." *Strickler*, 527 U.S. at 282. Third, the evidence must have been material such that prejudice resulted from its suppression. *Id.*; *see also Banks*, 540 U.S. at 691.

Here, it is not clear what evidence Plaintiff is alleging was suppressed. He argues that the

---

[6] As with his equal protection claim regarding the phone call to his attorney, Plaintiff has only stated in a conclusory manner that "false confessions are not fabricated for all inmates and detainees." (Compl. at 24). This is insufficient to state a claim under *Iqbal*. *See Olech*, 528 U.S. at 564.

8

report was false, however it is clear that he was aware of said report. Therefore, it could not have been suppressed. Since suppression of evidence is an element of a *Brady* violation, *id.*, any intended claim pursuant to *Brady* will be dismissed *without prejudice*.

### III. CONCLUSION

For the reasons stated above, the Complaint will be dismissed in its entirety for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). However, because it is conceivable that Plaintiff may be able to supplement his pleading with facts sufficient to overcome the deficiencies noted herein, the Court will grant Plaintiff leave to move to re-open this case and to file an amended complaint.[7] An appropriate order follows.

*s/ Esther Salas*
**Esther Salas, U.S.D.J.**

---

[7] Plaintiff should note that when an amended complaint is filed, the original complaint no longer performs any function in the case and "cannot be utilized to cure defects in the amended [complaint], unless the relevant portion is specifically incorporated in the new [complaint]." 6 Wright, Miller & Kane, Federal Practice and Procedure § 1476 (2d ed.1990) (footnotes omitted). An amended complaint may adopt some or all of the allegations in the original complaint, but the identification of the particular allegations to be adopted must be clear and explicit. *Id.* To avoid confusion, the safer course is to file an amended complaint that is complete in itself. *Id.* If he submits an amended complaint, Plaintiff is also reminded of the dictates of Federal Rule of Civil Procedure 8(a), which requires "a short and plain statement of the claim." FED. R. CIV. P. 8(a) (emphasis added).